IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| KENT KWAME MENSAH, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 14-570 |
| | : | |
| RANDY SPANN, | : | |
| JOSE VALAZQUEZ, | : | |
| LEO EDGELL, | : | |
| ANTHONY KIPE, and | : | |
| JASON LEESE, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                    **AUGUST 1, 2014**

Presently before this Court is Plaintiff, Kent Kwame Mensah's Motion for Appointment

of Counsel.  For the reasons set forth below, this Motion is denied.

**I.       BACKGROUND**

Plaintiff filed suit under the Civil Rights Act, 42 U.S.C. § 1983, against Defendants

alleging that they violated his Constitutional rights in relation to an alleged assault on Plaintiff by

an inmate.  See Compl.  Plaintiff filed a Motion for Appointment of Counsel.  (See Doc. No. 20.)

On July 7, 2014, we ordered Plaintiff to submit an affidavit responding to questions relevant to

our determination concerning the appointment of counsel in this case.  (See Doc. No. 21.)

Plaintiff submitted a timely response adequately answering the questions posed to him.  (See

Doc. No. 22.)

**II.      DISCUSSION**

It is well settled that "indigent civil litigants possess neither a constitutional nor a

statutory right to appointed counsel." Gordon v. Gonzalez, 232 F. App'x 153, 156 (3d Cir. 2007)

(quoting Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002)).  However, a district court is

empowered with the discretion to "request an attorney to represent any person unable to afford

counsel." 28 U.S.C. § 1915(e)(1).  The court's decision whether to appoint counsel is to be given

wide latitude and will only be overturned if its ruling is clearly an abuse of discretion.  Tabron v.

Grace, 6 F.3d 147, 155 (3d Cir. 1993).

As a preliminary matter, the district court must first determine if the plaintiff's claim has

arguable merit in fact and law.  Upon a favorable finding, the court then proceeds to consider

certain additional factors that bear on the necessity for the appointment of counsel.  Id. at 155.

These factors enunciated in Tabron include: (1) the plaintiff's ability to present his own case; (2)

the difficulty of the particular legal issues; (3) the degree to which factual investigation will be

necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to

retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility

determinations; and (6) whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (quoting Tabron, 6 F.3d at 155).  This list is not exhaustive, nor is

any one factor determinative.  Parham v. Johnson, 126 F.3d 454, 458 (3d Cir. 1997).

At the early stage of this litigation, it is difficult to discern whether Plaintiff's claim

possesses "merit in fact and law."  However, upon review of the Complaint, it appears Plaintiff's

claim has arguable merit in fact and law.  Consequently, we proceed upon the analytical course

charted in Tabron.

### A.    The Plaintiff's Ability to Present His Own Case

The ability of a plaintiff to present his own case is arguably the most significant of the

Tabron factors.  Montgomery, 294 F.3d at 501.  This determination is based on several criteria including plaintiff's education, literacy, prior work experience, prior litigation experience, ability to understand English and the restraints placed on him by incarceration (i.e., access to resources such as a typewriter, telephone and computer).  Tabron, 6 F.3d at 156; see also Parham, 126 F.3d at 459.  However, it is not necessary that plaintiffs have the skills and expertise of a trial lawyer; only that they possess the baseline abilities to adequately present their case.  See Gorden v. Gonzalez, 232 F. App'x at 157 (the decision point is not whether plaintiff is a trial lawyer).

In response to an Order from this Court, Plaintiff filed an Affidavit providing information necessary to our determination of whether to appoint counsel.  (See Doc. No. 22.)  Upon examination of this Affidavit and Plaintiff's court filings, we find that Plaintiff possesses the baseline abilities to adequately present his case.  Plaintiff has completed the eleventh grade, and recently received his GED.  (Id.)  Plaintiff reads, writes and understands English.  Plaintiff's filings evidence his ability to understand legal issues, write coherently, and set forth legal arguments in support of his claims.  In fact, Plaintiff states that he "has drafted written material for a Court of Law including motions such as a Petition to Reduce Bail which was denied."  (Id. ¶ 4.)  Plaintiff, though incarcerated, has access to the essential resources to prosecute his claim.  In light of these facts, we find that Plaintiff is able to present his own case.  See Mastromatteo v. Simock, 849 F. Supp. 25, 27 (E.D. Pa. 1994) (appointment of counsel not warranted where plaintiff was literate, presented clear and coherent motions and pleadings and properly cited case law).  Though no one factor is dispositive, this factor weighs heavily against the appointment of counsel.

**B.**     **The Difficulty of the Particular Legal Issues**

In cases involving complicated legal issues, courts should be "more inclined to appoint counsel." Tabron, 6 F.3d at 156.  This will benefit all parties involved. Parham, 126 F.3d at 459. At this early stage in the litigation, it appears that the legal issues inherent in Plaintiff's claims are not overly complex.  Plaintiff alleges violations of the Civil Rights Act, 42 U.S.C. § 1983. These appear to be standard claims and do not implicate any complicated or novel issues of law. In light of Plaintiff's abilities, including his representation during this litigation so far, we believe that the instant legal issues are within his range of competence.

**C.**     **The Necessity and Ability of the Plaintiff to Pursue Factual Investigation**

Courts must consider the extent of factual investigation necessary to prosecute a claim and the ability of the indigent plaintiff to pursue the investigation.  Tabron, 6 F.3d at 156. Situations which are "likely to require extensive discovery and compliance with complex discovery rules" gravitate toward the appointment of counsel.  Id.  At this early stage in the proceedings, it is too difficult to ascertain the investigative needs of Plaintiff.

**D.**     **The Plaintiff's Capacity to Retain Counsel on His Own Behalf**

The appointment of counsel is not warranted where the plaintiff can easily afford and attain counsel.  Id. at 157.  In these cases, the court must recognize and preserve the "precious commodity" of volunteer legal advocates.  Parham, 126 F.3d at 458.  Here, the Plaintiff is indigent and is proceeding in forma pauperis.  While clearly not a situation where Plaintiff can afford counsel, this does not appear to be the best case to expend the limited volunteer resources. Overall, much like in Gordon and Asemani we question the "independent weight" of this factor as "indigent litigants by definition will almost always be able to satisfy it."  Gordon, 232 F.

App'x at 157; Asemani v. Sec. of the Dept. of Homeland Security, No. 11-7448, 2012 WL

569386, at *3 (E.D. Pa. Feb. 22, 2012).  Although Plaintiff cannot afford to retain counsel, we do

not find this factor to weigh heavily in his favor.

### E.   The Extent to which this Case is Likely to Turn on Credibility Determinations

Cases where adjudication relies solely on credibility determinations favor the

appointment of counsel.  Lasko v. Watts, 373 F. App'x 196, 201 (3d Cir. 2010).  Regarding the

credibility determination factor, "[w]hile the case ultimately may have relied upon credibility, it

is difficult to imagine a case that does not.  Thus, when considering this factor courts should

determine whether the case was solely a swearing contest."  Parham, 126 F.3d at 460.  This case

does not appear to solely rely upon determinations of credibility, and does not appear be

exclusively a swearing contest.  Consequently, this factor does not favor the appointment of

counsel.

### F.   Expert Witness Testimony

The necessity of cross examining expert witnesses may favor the appointment of counsel.

Tabron, 6 F.3d at 156.  However, the appointment of counsel is not necessary in every case

warranting expert testimony.  Lasko, 373 F. App'x at 202.  At these preliminary stages, the

testimony of expert witnesses does not appear to be necessary.  Accordingly, this prong does not

favor the appointment of counsel.

### III.   CONCLUSION

Congress has entrusted the district courts with the judicial discretion to determine when

to appoint counsel.  See 28 U.S.C. § 1915(e)(1).  In effectuating this responsibility, the United

States Court of Appeals for the Third Circuit developed an analytical framework to serve as a "guidepost" in these determinations.  See Tabron, 6 F.3d at 155.  Inherent in their decision, district courts must be mindful of the competing interests between the need to provide legal representation to effectively prosecute meritorious cases and the necessity of protecting the limited and "precious commodity" of volunteer legal advocates.  Thus, courts usually reserve the appointment of counsel for situations where there is a showing of special circumstances.  Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).  After careful analysis in light of Tabron and its progeny, we find that more factors weigh against appointing counsel.  Consequently, Plaintiff's Motion for Appointment of Counsel is denied.

An appropriate Order follows.